**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-40412
Summary Calendar
_____

CLIFTON CHOYCE,

Plaintiff-Appellant,

VERSUS

NORMA SHERMAN, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C 95 CV 165)
_____
September 5, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Clifton Choyce, an inmate of the Texas Department of Criminal Justice and proceeding pro se, filed this action under 42 U.S.C. § 1983 alleging a violation of his due process rights in connection with a prison disciplinary proceeding. As a result of the proceeding, Choyce lost 500 days of good time. He seeks declaratory, injunctive, and monetary relief, but he does not request a restoration of the good time. The district court

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

construed his claim as one that must be pursued by writ of habeas corpus. Accordingly, the court dismissed the petition because Choyce had not exhausted his state habeas corpus remedies. We affirm.

We construed a prisoner's § 1983 claim as a habeas corpus petition on identical facts in Keenan v. Bennett, 613 F.2d 127, 129 (5th Cir. 1980). In that case, the prisoner alleged a due process violation under § 1983 for the revocation of his good time status at a single hearing. The prisoner sought declaratory, injunctive, and monetary damages, but expressly denied that he sought restoration of his good-time credit. We construed the prisoner's claim to be a habeas claim even though he disavowed any intention to seek restoration of his good-time credit. Id.; see also Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1118 (5th Cir. 1987) (requiring a prisoner who challenges a single hearing as constitutionally defective to exhaust his state remedies first). Likewise, Choyce alleges a due process violation from a single hearing at which he lost his good time. His claim, therefore, must be pursued by writ of habeas corpus. The district court properly dismissed this action without prejudice because Choyce failed to exhaust his state habeas corpus remedies.

AFFIRMED.